Battle, J.
 

 The only question which seems to us to be open upon the record is, whether the Superior Court had, under the circumstances, jurisdiction of the case; and of that we think
 
 *220
 
 there can be no doubt. The offence with which the defendant was charged was, undoubtedly, in the first instance, cognizable in the County Court, according to the plain provisions' of the (35th, 66th and 67th sections of the 111th chapter of the Revised Statutes. When there, the defendant had a right, under the 73rd section of the same Act, to have one or more issues made up to fry such disputed facts as were material to be ascertained. But in the county of Richmond the private Act of 1814, ch. 59, prohibited the trying of any issues of fact by jury in the County Court, without providing any specific mode by which such issues were in future to be removed to another tribunal for trial. This Act was not repealed by the passage of the 111th chapter of the Revised Statutes in 1836. See 1 Rev. Stat. ch. 1, sec. 8. How did these seemingly inconsistent provisions affect the rights of the defendant? That is shown by the principle laid down in the case of the
 
 State
 
 v.
 
 Sluder,
 
 8 Ire. Rep. 487. That was a case under the bastardy Act, in which the defendant had been arrested and bound over to the County Court of Buncombe county. He appeared, and moved to be discharged, upon the ground that the Court had no jurisdiction of the case, the Act of 1844, ch. 12, having taken away from the County Court of that county the power to try jury causes. The Court refused the motion, and proceeded to make the usual orders of filiation, when the defendant appealed to the Superior Court, where, on motion of the Solicitor, the appeal was dismissed, and a writ of
 
 procedendo
 
 ordered to the County Court. The defendant then appealed to this Court; and it was here held - that the Act which took away from the County Court the power to try issues of fact by a jury, did not deprive it of its original jurisdiction over bastardy cases ; that if the defendant in such a case thought proper to make up an issue, he might do so, and then either he or the State had a right to remove the cause by a writ of
 
 certiorari
 
 to the Superior Court, for the purpose of having the issue tried there. So, in a case like the present, the original jurisdiction conferred upon the County Court by the 111th chapter of the Revised Statutes, is not taken away in the county of Richmond, by the fact that the defendant has a right to have one or more issues made up to be tried by a jury. As soon as they are made up, then the defend*
 
 *221
 
 ant or the State may take them up by a writ of certiorari, to be tried in the Superior Court. In the case now before us, the record does not show that either party obtained such a writ, but shows only the following
 
 order:
 
 — “ Ordered that this cause be transferred to the Superior Court for the trial of the isstte. ’ ’ From this we are to presume that the transfer was by consent; and being so, we see no necessity for a writ of
 
 certiorari.
 
 The issue could be disposed of no where else
 
 ;
 
 and while it pended, no judgment could be given from which an appeal could be taken. Hence either party had a right to remove it to the Superior Court by the writ above referred to, and we can see no good reason why such writ might not be dispensed with, and the cause transferred at once by mutual consent. If this be so, and we think it is, the cause was properly in the Superior Court for the trial of the issue or issues, and it was error to dismiss it for want of jurisdiction. For this error the judgment must be reversed, which will be certified to the Superior Court, to the end that if may proceed to have the issues joined between the State and defendant tried by a jury ; and if such issues be found against the defendant, that a writ
 
 oiprocedendo
 
 may issue from that Court to the County Court.
 

 The objections made to the proceedings in the cause before it reached the County Court, and during its pendency there, are not, as we have said, open upon the record as it comes before us, and we therefore give no opinion upon them.
 

 Per Curiam. Judgment reversed.